UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHURCH MUTUAL INSURANCE CO.**                         **CIVIL ACTION**

**VERSUS**                                              **NO. 06-3839 consol.
                                                        w/ 06-6319**

**HOUSEHOLD OF FAITH CHURCH**                          **SECTION "S" (2)**

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Church Mutual's Motion to Lift Stay (Rec. Doc. 18) is **GRANTED**;

**IT IS FURTHER ORDERED** that Household of Faith Church's ("Household's") Motion to Dismiss and Alternative Motion to Abstain and Stay (Rec. Doc. 20) is **DENIED;**

**IT IS FURTHER ORDERED** that Household of Faith Church's Motion to Lift Consent Stay is **GRANTED** and Motion to Remand is **DENIED**. (Rec. Doc. 12).[1]

## BACKGROUND

Household was insured under a general liability and property insurance policy which was issued by Church Mutual. As a result of Hurricane Katrina, Household sustained damages to its property, but Church Mutual and Household have been unable to agree on the value of the damaged

---

[1] Household's Motion to Lift Consent Stay and Remand was filed in Case No. 06-6319, now consolidated with the above-captioned case.

property and the amount of loss incurred. According to the insurance policy, when the parties are unable to agree on the amount of damages, they may each choose an appraiser. If the appraisers are unable to agree to the amount of damages, the appraisers will choose an umpire. If they are unable to agree on an umpire, the Court will select the umpire. The appraisers chosen by Church Mutual and Household have been unable to agree on an umpire.

On July 20, 2006, Church Mutual filed in this Court a Petition to Appoint an Umpire. That same month, Household filed a Petition for Appointment of Umpire in Appraisal Dispute in Civil District Court for the Parish of Orleans, State of Louisiana. Thereafter, Church Mutual removed that case to this Court. The parties in both lawsuits began settlement discussions and filed consent motions to stay both cases, which were granted. The stays in both cases were extended and settlement discussions continued. The parties have been unable to agree on an umpire, and Church Mutual has requested that the Court select an umpire. Further, Church Mutual has filed a Motion to Consolidate and a Motion to Lift the Stay, and Household has filed a Motion to Dismiss, which motions are now before the Court.

## DISCUSSION

**A.     Motion to Lift Stay**

In February 2007, Church Mutual filed a Motion to Lift the Stay (Rec. Doc. 18) because the parties were unable to agree on the appointment of an umpire. Household does not object to the lifting of the stay. (Rec. Doc. 19). Therefore, Church Mutual's Motion to Lift the Stay is granted.

**B.     Motion to Dismiss and Alternative Motion to Abstain and Stay**

   *1)     Standard of Review*

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court must dismiss an

action if appears that the court does not have subject matter jurisdiction over the plaintiffs' claims. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may base its decision on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id*.

### 2) *Diversity Jurisdiction*

Household argues that dismissal of this case is required because this Court lacks diversity jurisdiction under 28 U.S.C. § 1332. Household contends that the amount in controversy is insufficient, and that complete diversity is lacking. Household asserts that because there is no request for determination of policy limits or coverage issues in Church Mutual's petition, the amount in controversy is simply the cost of services of the umpire, which does not meet the minimal jurisdictional amount.

In *Webb v. Investacorp, Inc.*, 89 F. 3d 252, 256 (5th Cir. 1996), the Fifth Circuit found that the amount in controversy in a motion to compel arbitration is the amount of the potential award in the underlying arbitration proceeding. Following *Webb,* the court in *Ear, Nose and Throat Consultants of North Mississippi, PLLC v. State Auto Ins.*, 2006 WL 1071834, at *2 (N.D. Miss. Apr. 21, 2006), found that the amount in controversy in a case requesting the appointment of an umpire is the value of the underlying dispute. Similarly, this Court in *Church Mutual v. New Home*

*Full Gospel Ministries*, Civil Action No. 06-5633 (Rec. Doc. 26)(Feldman, J.), addressed the amount in controversy regarding a request for the appointment of an umpire and held that the amount in controversy equaled the amount at issue under the insurance policies.

Church Mutual provides this Court with the affidavit of E. Richard Simon, the Property Manager with Church Mutual, which attests that the value of the underlying dispute exceeds $75,000. Household has not contested this assertion. Based on the above, this Court finds that the jurisdictional amount is present.

Household asserts that complete diversity is lacking because Church Mutual is an unincorporated entity, and therefore, its citizenship is determined by the citizenship of every one of its members. Church Mutual has provided this Court with documents and the affidavit of Mr. Simon, all demonstrating that it is a corporation duly organized and existing under the laws of the State of Wisconsin with its principal place of business in Wisconsin. Household has not responded to this evidence. This identical issue was considered by this Court in *New Home Full Gospel Ministries,* Civil Action No. 06-5633, which held that diversity jurisdiction existed after Church Mutual provided sworn evidence that it was incorporated in Wisconsin with its primary place of business in Wisconsin. Because Household is a Louisiana corporation and Church Mutual is a Wisconsin corporation, this Court finds that diversity jurisdiction exists.

    *3)    Abstention*

In its motion to dismiss, Household argues that this Court should abstain from hearing this case because of the existence of a parallel state-court case filed in Orleans Parish and entitled, *Household of Faith Church v. Church Mutual Insurance Company.* The referenced case has been removed to and is now pending in this Court under Civil Action No. 06-6319. Household asserts

that *Household of Faith Church v. Church Mutual Insurance Company* should be and will be remanded back to state court and therefore, abstention is proper. Household's requested remand is based on the same allegations set forth in its motion to dismiss, and both motions are denied. The above-captioned case and *Household of Faith Church v. Church Mutual Insurance Company* are now consolidated and will remain in this Court. Household's request for abstention and stay is denied.

**C.     Motion to Lift Consent Stay and Remand**

As more fully addressed above, Household's motion to lift consent stay is granted. Because Household's motion to remand sets forth the exact arguments addressed in its above-referenced motion to dismiss, this Court finds that diversity jurisdiction exists and remand is denied.

## CONCLUSION

For the above-stated reasons, Church Mutual's Motion to Lift Stay (Rec. Doc. 18) is **GRANTED**; Household's Motion to Dismiss and Alternative Motion to Abstain and Stay (Rec. Doc. 20) is **DENIED;** and Household's Motion to Lift Consent Stay is **GRANTED** and Motion to Remand is **DENIED**. (Rec. Doc. 12).

New Orleans, Louisiana this 23rd day of May, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**